IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE JAMES, | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-20-0371 |
| v. | * | |
| SEED CONSULTING, LLC, | * | |
| d/b/a SEED CAPITAL CORP., | | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

In this purported class action alleging, *inter alia*, violations of the Federal Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq.*, Defendant Seed Consulting Group, doing business as Seed Capital Corp. ("Defendant" or "Seed Consulting"), has moved pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss Plaintiff Catherine James's ("Plaintiff" or "James") Complaint for improper venue. (ECF No. 8.) The basis for Defendant's Motion is a forum-selection clause contained in the parties' business consulting services agreement. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion to Dismiss for Improper Venue (ECF No. 8) shall be GRANTED.

### BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside

the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Plaintiff James is a Maryland consumer who executed an agreement with Seed Consulting to obtain funding for a for-profit real estate training program. (Compl. ¶ 11, ECF No. 1.) In early 2018, James alleges that she learned of a job training opportunity called the "National Real Estate Network," or "NREN." (*Id.* ¶ 19.) On or about January 25, 2018, James and her then-significant other, Michael Brown, signed up to attend an in-person three-day course with NREN. (*Id.* ¶¶ 19-23.) James and Brown attended the course from February 9th through February 11, 2018 at the Baltimore Marriott, Inner Harbor. (*Id.* ¶ 24.)

On or about February 11, 2018, while at the training, James alleges she was offered an "Elite Business Package," which would cost her $29,997.00. (*Id.* ¶ 27.) When James did not have the funds necessary for this business package, she alleges that a representative from NREN referred her to a representative from Defendant Seed Consulting, who allegedly told James that Seed Consulting would work with her to provide all of the financing needed for the Elite Business Package. (*Id.* ¶ 28.) On the same day, Seed Consulting's representative provided James with a Business Consulting Services Agreement ("Consulting Agreement"), which contained a service fee of $3,495.00. (*Id.* ¶¶ 29-37; Consulting Agreement, ECF No. 2.) James signed the Consulting Agreement, which was notarized by Seed Consulting's representative. (*Id.*) The Consulting Agreement contained the following forum-selection clause:

> **15. Governing Law; Disputes.** This Agreement shall in all respects be subject to the laws of the United States and the State of Nevada. If a dispute, controversy or claim

> arises out of or relates to this Agreement, or the breach thereof, the appropriate venue for dispute resolution will be the Eighth Judicial District Court in Las Vegas, Nevada.

(Consulting Agreement at 4, ECF No. 2.)

On or about March 23, 2018, Seed Consulting sent James an email about opening eight credit cards in James's name, totaling $44,500 in credit lines. (Compl. ¶¶ 44-45, ECF No. 1.) On or about April 8, 2018, Seed Consulting emailed James telling her that Seed Consulting's work was complete, and James received the consumer credit cards in the mail, with no restrictions on their use. (*Id.* ¶¶ 48-49.) James alleges that she used the credit cards to cover her real estate training, but that her credit score fell from the hard inquiries and multiple lines of credit use. (*Id.* ¶ 50.) James's monthly credit card payments were allegedly too high for her to bear, leading her to default on multiple cards, incur charge-offs, and be sued by creditors in the Maryland state courts. (*Id.* ¶¶ 51-53.)

In a case brought by creditor Wells Fargo against James in the District Court for Baltimore City, *Wells Fargo v. James*, Case Number 010100057842019, evidence was allegedly presented that Seed Consulting was an unlicensed credit services business and the court allegedly determined that James was a victim of fraudulent activity. (*Id.* ¶ 53.) James alleges that she continues to suffer damages as a result of the Consulting Agreement with Seed Consulting and Seed Consulting's unlicensed practices, seeking actual and statutory damages, in addition to injunctive and declaratory relief.

Plaintiff brought this action against Seed Consulting in this Court on February 11, 2020. (ECF No. 1.) On March 10, 2020, Seed Consulting filed the presently pending Motion to Dismiss for Improver Venue. (ECF No. 8.)

**STANDARD OF REVIEW**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010) (citing *Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 471 (D. Md. 2002)). Like a motion to dismiss for lack of personal jurisdiction, "in deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" *Three M Enters., Inc. v. Tex. D.A.R. Enters., Inc.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005) (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 2005)).

**ANALYSIS**

Defendants seek dismissal of this action for improper venue under Rule 12(b)(3), arguing that the forum-selection clause contained in the Consulting Agreement requires this case to be filed in the Eighth Judicial District Court in Las Vegas, Nevada. Plaintiff James responds that the forum-selection clause is permissive, not mandatory, and, even if mandatory, the forum selection clause is unreasonable and contravenes Maryland public policy. Should the Court determine that venue is improper, James requests that this Court transfer the case to the Eighth Judicial District Court in Las Vegas, rather than dismiss it.

As a preliminary matter, because James brings her suit on the basis of federal question jurisdiction, federal law controls the evaluation of the forum-selection clause. *See Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 692-93 (D. Md. 2000) (citing *Eisaman v. Cinema Grill*

*Systems, Inc.*, 87 F. Supp. 2d 446, 448 (D. Md. 1999)). In *M/S Bremen v. Zapata Off–Shore Co.,* the Supreme Court of the United States held that forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable under the circumstances.'" *Bremen*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1972).

This Court has held that only mandatory forum selection clauses will be enforced applying the *Bremen* standard. *See Eisaman*, 87 F. Supp. 2d at 449. This Court has further defined a mandatory provision as "one containing clear language showing that jurisdiction is appropriate only in the designated forum." *Koch*, 139 F. Supp. 2d at 693 (citing *Excell, Inc. v. Sterling Boiler and Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (internal quotation omitted)). A permissive forum selection clause merely permits jurisdiction in the selected forum without "precluding it elsewhere." *Id.*

In this case, the forum selection clause provides,

> **15. Governing Law; Disputes.** This Agreement shall in all respects be subject to the laws of the United States and the State of Nevada. If a dispute, controversy or claim arises out of or relates to this Agreement, or the breach thereof, the appropriate venue for dispute resolution will be the Eighth Judicial District Court in Las Vegas, Nevada.

(Consulting Agreement at 4, ECF No. 2.) James argues that this clause is permissive because the language "will be" does not preclude other forums and because "shall" in the first sentence applies only to the requisite law to be applied, not the requisite forum. However, this Court finds no meaningful difference between "shall" and "will," and this Court has found similar forum-selection clauses to be mandatory. *See Davis Media Grp., Inc. v. Best Western Intern., Inc.* 302 F. Supp. 2d 464, 467 (D. Md. 2004) (collecting cases) (finding mandatory a forum selection clause stating "[t]his Agreement and the performance called for hereunder…shall be construed in accordance with and pursuant to the laws of the State of Arizona, and shall be subject to

5

the jurisdiction of the Courts of the State of Arizona."). There is nothing in the Consulting Agreement's forum selection clause that leads this Court to believe it is anything but mandatory. *See Davis*, 302 F. Supp. 2d at 468 ("The logical reason for including the forum-selection clause in the Agreement was to make jurisdiction and venue exclusive to Arizona. Any other interpretation would render the clause meaningless."). Accordingly, this Court holds that the forum selection clause at issue is mandatory.

If a forum selection clause is mandatory, the Court must then determine whether enforcement of the clause would be "unreasonable." *Bremen*, 407 U.S. at 10, 92 S. Ct. 1907; *see also Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 339 (4th Cir. 2002) ("absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced"). In *Bremen*, the Supreme Court instructed that a forum selection clause may be found unreasonable if "(1) [its] formation was induced by fraud or overreaching"; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) "[its] enforcement would contravene a strong public policy of the forum state." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citing *Bremen*, 407 U.S. at 18, 92 S. Ct. 1907).

There is a complete lack of any evidence suggesting that the Consulting Agreement was induced by fraud or overreaching by Seed Consulting. While James asserts unequal bargaining power because Seed Consulting drafted the contract, this fact alone does not render the forum selection clause unreasonable or unenforceable. *See Eisaman*, 87 F. Supp. 2d at 450 ("The fact that a forum-selection clause is part of a form contract presented by a party with

6

superior bargaining power on a 'take-it or leave-it' basis does not render the clause unenforceable.").

In addition, James does not assert that a trial in Nevada state court would be so gravely difficult and inconvenient that it would deprive her of her day in court or deprive her of a remedy. Indeed, James may still bring her case in Nevada state court. Moreover, James bears the burden to show any grave inconveniences that might result from a trial in Nevada, other the mere inconvenience of traveling there. *See Bremen*, 407 U.S. at 15, 92 S. Ct. 1907; *see also Davis*, 302 F. Supp. 2d at 469 ("an alleged inconvenience to [plaintiff] is not sufficient to render the Agreement's forum-selection clause unenforceable."). This, she has not done.

James's public policy argument about Maryland's interest in resolving this dispute is equally unavailing. James asserts that because she brings a claim under the Maryland Credit Services Business Act ("MCSBA"), Md. Code Ann., Com. Law § 14-1901 *et seq.*—a statute with an anti-waiver provision that applies no matter the contractually chosen forum—that public policy strongly favors suit in Maryland. However, the Fourth Circuit obviated this concern in *Kunda v. C.R. Bard*, explaining "[t]he availability of comparable, albeit different, legislation in different states demonstrates that protection under the [statute] is unnecessary where there is a substitute, as there is here." 671 F.3d 464, 469 (4th Cir. 2011). Indeed, Nevada has enacted a statute similar to the MCSBA. *See* Nevada Deceptive Trade Practices Act, NRS 598.0903, *et seq.* The Plaintiff has simply failed to satisfy its "heavy burden" of demonstrating that the enforcement of the forum selection clause in this case is unreasonable.

Finally, while this Court finds that the Consulting Agreement's forum selection clause is enforceable, this Court lacks authority to transfer this case to the appropriate venue, the

Eighth Judicial District Court in Las Vegas, Nevada—a state court. A federal court does not have authority "to transfer a case over which it lacks jurisdiction to state court." *See Bryan v. Nettles*, 416 Fed. App'x 296, 297 (4th Cir. 2011) (citing 28 U.S.C. §§ 610, 1631 (2006); *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995)). Accordingly, this case must be dismissed. Plaintiff, however, is free to pursue this action by filing suit in the appropriate Nevada state court.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Improper Venue (ECF No. 8) is GRANTED.

A separate Order follows.

Dated: April 24, 2020

$\underline{\qquad\quad /s/ \qquad\qquad\qquad}$
Richard D. Bennett
United States District Judge